**In the United States District Court**
**For The Middle District of Pennsylvania**

| | |
|---|---|
| JAMES J. WYLAM and JANICE L. WYLAM,<br>husband and wife,<br>717 Main St<br>Duryea, PA 18642<br>                              Plaintiffs<br>              vs.<br><br>TRADER JOE'S COMPANY<br>800 South Shamrock Avenue<br>Monrovia, California<br>                              -and-<br>TRADER JOE'S EAST, INC.<br>800 South Shamrock Avenue<br>Monrovia, California<br>                              -and-<br>T.A.C.T. HOLDING, INC.,<br>800 South Shamrock Avenue<br>Monrovia, California<br>                              -and-<br>WORLD CLASS DISTRIBUTION, INC.,<br>10288 Calabash Avenue<br>Fontana, California 92335-5272 | No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COME NOW,** Plaintiffs, James and Janice L. Wylam, by and through their

attorneys, Seidel, Cohen, Hof & Reid, L.L.C., and file the within Complaint and in

support thereof avers the following:

## PARTIES

1.      Plaintiff, James J. Wylam, ("Plaintiff") is an adult individual who at all times relevant to the instant Complaint was a permanent resident of 717 Main Street, Duryea, Luzerne County, Pennsylvania, who had a temporary residence at his son's address in Bethlehem, Northampton County, Pennsylvania on the date of the accident which is the subject of this lawsuit.

2.      Plaintiff, Janice L. Wylam, ("Plaintiff") is an adult individual who at all times relevant to the instant action was a resident of 717 Main Street, Duryea, Luzerne County, County, Pennsylvania, and is the wife of James J. Wylam.

3.      Defendant Trader Joe's Company is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity, organized under the laws of California and having its principal place of business located at 800 South Shamrock Avenue, Monrovia, Los Angeles County, California.  Defendant Trader Joe's Company is not a citizen of Pennsylvania.

4.      Defendant Trader Joe's East, Inc., is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity, organized under the laws of California and having its principal place of business located at 800 South Shamrock Avenue, Monrovia, Los Angeles County, California.  Defendant Trader Joe's East, Inc., is not a citizen of Pennsylvania.

5.      Defendant T.A.C.T. Holding, Inc., is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity, organized under the laws of California and having its principal place of business located at 800 South Shamrock Avenue, Monrovia, Los Angeles County, California. Defendant T.A.C.T. Holding, Inc., is not a citizen of Pennsylvania.

6.      Defendant World Class Distribution, Inc., (hereinafter referred to as "WCDI"), is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity having its principal place of business located at 10288 Calabash Avenue, Fontana, San Bernadino County, Calfornia, with a mailing address at P.O. Box 5049, Monrovia, Los Angeles County, California. Defendant WCDI is not a citizen of Pennsylvania.

7.      Upon information and belief, Defendants, individually, collectively, and/or by and through World Class Distribution, Inc., conduct business in the Commonwealth of Pennsylvania from a facility located at 6835 Silver Crest Rd, Nazareth, Northampton County, Pennsylvania.

8.      Upon information and belief, World Class Distribution, Inc., individually and/or in cooperation with the other named defendants, oversees and operates a production and warehouse facility at 6835 Silver Crest Road, Nazareth, Northampton County, Pennsylvania.

9.    The Defendants, individually and/or collectively in cooperation with one another, make products, buy products from vendors, store products, advertise products, and sell products across the Commonwealth of Pennsylvania in all districts at Trader Joe's stores.

### JURISDICTION AND VENUE

10.    Plaintiff James Wylam was injured while working for Southeast Personnel Leasing Company in a facility owned and operated by Defendants at 6835 Silver Crest Road, Nazareth, Northampton County, Pennsylvania.

11.    Plaintiffs, at all times relevant hereto, were residents of the Commonwealth of Pennsylvania.

12.    Defendants, at all times relevant hereto, were business entities with principal places of business in California.

13.    In the instant Complaint, Plaintiffs are demanding judgment in an amount in excess of $75,000.00.

14.    This Honorable Court has diversity jurisdiction because diversity of citizenship of the parties exists and an amount in excess of $75,000.00 is demanded.

15.    Personal jurisdiction over these Defendants exists because Defendants, individually and collectively, conduct business in the Commonwealth of Pennsylvania, making products, buying products, storing products, selling products, distributing

-4-

products, transporting products, advertising products, and operating stores throughout Pennsylvania including one in State College, Centre County, Pennsylvania.

16.     Venue is proper in the Middle District of Pennsylvania because Defendants conduct business in Pennsylvania throughout the state, including business in this district.

## FACTUAL BACKGROUND

17.     In 2014, Plaintiff worked for  Southeast Personnel Leasing Company and was assigned to work for and under the direction and control of Full Steam Staffing Company at Defendants' facility at 6835 Silver Crest Road, Nazareth, Northampton County, Pennsylvania.

18.     Plaintiff was employed as a maintenance mechanic and reported to supervisors of Full Steam Staffing at Defendants' facility in Nazareth, Northampton County, Pennsylvania.

19.     As a maintenance mechanic for Full Steam Staffing ("Full Steam"), Plaintiff was responsible for performing maintenance at the direction and control of Full Steam supervisors.

20.     Upon information and belief, Defendants owned and operated the facility at  6835 Silver Crest Road, Nazareth, Northampton County, Pennsylvania, and delegated tasks to Full Steam Staffing supervisors to assign to Full Steam workers to take the burden off of Defendants' own employees and staff.

-5-

21.     Defendants were responsible for maintaining a safe environment for all persons who appeared at their facility.

22.     Defendants were responsible for maintaining their equipment, including scaffolding, in a safe condition.

23.     On or about October 19, 2014, Plaintiff James Wylam was assigned by Full Steam Staffing to perform maintenance on an exhaust fan in the cheese room of the Nazareth facility.

24.     Specifically, Plaintiff was asked to open up the exhaust fan to allow Defendants' employee, Tim Rushatz, to have access to chemical sensors/ filters.  Mr. Wylam was also going to be painting the fan.

25.     Prior to performing the work, Plaintiff James Wylam communicated with Defendants' employee that he felt a scissor jack set up with cage and a harness was appropriate for the job.  However, Defendants' employee instead collected and set up different scaffolding without those safety features.

26.     Defendants' employee set up the scaffolding upon which Plaintiff James Wylam was to do his work for Full Steam.

27.     Plaintiff relied on Defendants, the owners of the equipment, to provide an appropriate set up of the scaffolding.

28.     Plaintiff relied on Defendants to provide equipment that was in a safe condition and in good working order.

29.     Plaintiff relied on Defendants to inspect its equipment and ensure that all equipment was safe for intended tasks in Defendants' facility.

30.     Upon information and belief, the scaffolding was not properly set up and/or it was not properly maintained.

31.     The scaffolding should not have become dislodged the way that it did.

32.     Defendants, as owners and those in control of the scaffolding, were in the best position to prevent accidents and educate users of specific risks associated with their specific equipment.

33.     The guard railing on the scaffolding did not keep Mr. Wylam from falling. Instead, it broke loose from the clasp and allowed Mr. Wylam to fall to the ground.

34.     Defendants were in the best position to warn Mr. Wylam that the guard railing may not support him and may cause him to fall.

35.     Defendants could have and should have provided Mr. Wylam safer equipment to perform these tasks.

36.     Defendants could have and should have provided Mr. Wylam access to a harness.

37.     On October 19, 2016, Plaintiff James Wylam had climbed on the scaffolding owned by Defendants and set up by Defendants' employee with the intent to perform the work assigned to him by his employer, Full Steam, to provide access to Defendants to the sensor/filter in the exhaust fan and then to do some painting maintenance.

-7-

38.     On that date, Mr. Wylam was on the scaffolding.  He reached for a tool, put a tool in his pocket, when suddenly and without warning the guard rail broke loose, allowing Mr. Wylam to fall backward on to the hard ground, hitting his head.

39.     As a result of the fall, Plaintiff was unconscious, having suffered very serious head injuries.

40.     Plaintiff suffered serious injuries, including but not limited to skull fractures, brain hemorrhage, brain contusions, brain aneurysm, ringing in ears, hearing loss, traumatic brain injury, chronic T7-11 compression fractures, urinary retention, postconcussive syndrome,  SIADH with hyponatremia, problems with feet and other related health concerns.

41.     Upon information and belief, Defendants provided no warning to Plaintiff or others similarly situated that the guard rail would not protect them from falling.

42.     Plaintiff was never provided any verbal warning about the dangers inherent in the use of this specific scaffolding.

43.     Plaintiff was never warned that the guard rail may not protect him from a fall or that it would not support his weight.

44.     Upon information and belief, the guard rail was broken or did not appropriately clasp closed.

-8-

## COUNT I - NEGLIGENCE
## PLAINTIFF JAMES WYLAM  v. DEFENDANTS

45.     Plaintiff hereby incorporates paragraphs 1 through 44 by reference as though same were set forth more fully and at length herein.

46.     Upon information and belief, at all times material and relevant hereto, the carelessness and negligence of Defendants, by and through their employees and/or authorized agents consisted of, but was not limited to, the following:

a.)     in failing to provide safe equipment;

b.)     in failing to safely set up the equipment;

c.)     in failing to inspect the integrity of the equipment to ensure that it could prevent falls;

d.)     in failing to provide fall protection along with equipment that required it;

e)      in failing to perform any job hazard analysis to determine that use of the equipment should not be done without fall protection;

f.)     in failing to identify hazards associated with use of Defendants' equipment;

g.)     in failing to warn Plaintiff of hazards associated with use of Defendants' equipment;

h.)     in failing to avoid exposure to the known or recognized hazards associated with equipment, which hazards may be unknown to others less familiar with the specific equipment such as Plaintiff;

i.)     in failing to provide warnings to others who are using Defendants'

equipment about risks of specific equipment;

i.)     in failing to sufficiently secure the guard rail;

j.)     in failing to advise Full Steam and other contractors on the premises of

risks associated with equipment;

k.)     in failing to appropriately manage the worksite;

l.)     in failing to implement industry accepted safety procedures;

m.)    in failing to enforce industry accepted safety procedures;

n.)     in failing to investigate potential safety hazards in the performance of

regular tasks and procedures in the cheese room;

o.)     in failing to provide written procedures to Full Steam and its employees,

which address safety hazards associated with Defendants' equipment and

facility;

p.)     in failing to ensure Defendants' employees knew the appropriate set up

and safety precautions that should be taken when performing

maintenance on exhaust fans in the cheese room;

q.)     in failing to consider whether the guard rail could and would prevent a

fall;

r.)     in failing to appropriately guard workers from falling;

s.)     in creating an unreasonably dangerous and hazardous condition to users
of the scaffolding by failing to provide appropriate guard rails, fall
protection, and provide warnings;

t.)     in allowing people to use the scaffolding equipment in a manner in which
Defendant knew or should have known that they would be exposed to
hazards; and

u.)     in failing to adequately and properly train or provide notice to those to
whom it provided equipment of hazards Defendant knew or should have
known existed with respect to its use.

47.     As a direct and proximate result of the above-described occurrence
and  Defendants' negligence and carelessness, the Plaintiff has suffered serious injuries
to his person.

48.     As a direct and proximate result of the above-described occurrence
and  Defendants' negligence and carelessness, the Plaintiff has suffered great mental
anguish, physical pain, and humiliation up to the date of the filing of this Complaint.

49.     As a direct and proximate result of the above-described occurrence
and  Defendants' negligence and carelessness, the Plaintiff will continue to suffer great
mental anguish, physical pain and humiliation in the future.

50.     As a direct and proximate result of the above-described occurrence and  Defendants' negligence and carelessness, Plaintiff is unable to pursue the Plaintiff's occupation.

51.     As a direct and proximate result of the above-described occurrence and  Defendants' negligence and carelessness, Plaintiff has suffered a loss of earnings, which sums exceed the amounts recoverable under the limitations prescribed by law.

52.     As a direct and proximate result of the above-described occurrence and  Defendants' negligence and carelessness, the Plaintiff will continue to suffer a loss of earnings and/or a diminution in Plaintiff's ability to earn, which exceed the amounts recoverable under the limitations prescribed by law.

53.     As a direct and proximate result of the above-described occurrence and  Defendants' negligence and carelessness, the Plaintiff is unable to pursue and enjoy the usual activities of life of an individual of Plaintiff's age and circumstances, and Plaintiff has suffered a loss of enjoyment of life, loss of happiness and loss of pleasure of life up to the date of the filing of this Complaint and will continue to suffer the same throughout the remainder of Plaintiff's life.

54.     As a direct and proximate result of the above-described occurrence and  Defendants' negligence and carelessness,  the Plaintiff has been caused to expend various and diverse sums of money for medical care and treatment, drugs and medication, therapy and rehabilitation.

-12-

55.     As a direct and proximate result of the above-described occurrence and  Defendants' negligence and carelessness, the Plaintiff will be caused to expend various and diverse sums of money in the future for medical care and treatment, drugs and medication, therapy and rehabilitation.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that exceeds the jurisdictional amount requiring arbitration by local rule, together with interest and costs.  Plaintiff further demands a trial by jury of twelve of his peers to determine his cause.

## COUNT II - LOSS OF CONSORTIUM
## PLAINTIFF JANICE WYLAM v. DEFENDANTS

56.     Plaintiff Janice Wylam hereby incorporates paragraphs 1 through 55 by reference as though same were set forth more fully and at length herein. Plaintiff incorporates the above paragraphs by reference as through the same were set forth more fully and at length herein.

57.     The Plaintiffs were married at all pertinent times to the filing of this Complaint and remain so married as of the date of the filing of this Complaint

58.     As a direct and proximate result of the above-described negligence of the Defendants, Plaintiff Janice L. Wylam has suffered the loss of affection, assistance and consortium of her husband that she would have received had he not been injured as a result of the Defendants' negligence.

-13-

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that exceeds the jurisdictional amount requiring arbitration by local rule, together with interest and costs.  Plaintiff further demands a trial by jury of twelve of her peers to determine her cause.

Respectfully Submitted,

SEIDEL, COHEN, HOF & REID, L.L.C.

Date: October 19, 2016

_____

Jill Kelly McComsey, I.D. No. 200613
3101 Emrick Blvd., Suite 205
Bethlehem, PA 18020
(610) 258-6184
Attorneys for Plaintiff

-14-